UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JUAN DE LEON, | : | |
| | : | |
| Petitioner, | : | **REPORT AND** |
| | : | **RECOMMENDATION** |
| - against - | : | |
| | : | **06 Civ. 2922 (RJH) (RLE)** |
| THE UNITED STATES OF AMERICA, | : | |
| | : | |
| Respondent. | : | |

To the HONORABLE RICHARD J. HOLWELL, U.S.D.J.:


Based on the following information recently presented to this Court, I recommend that the

habeas petition of Juan De Leon be **DISMISSED**.

This Report and Recommendation ("R&R") is a follow-up to a prior R&R filed on March

24, 2008. (Docket No. 10.) The prior Report recommended that the Petition be granted because

trial counsel had failed to render effective assistance. The recommendation was based, in

significant part, on counsel's apparent concession that he did not file an appeal on Petitioner's

behalf and that he could not recall whether Petitioner had requested appeal. (*See* Louis V. Fasulo

Aff., March 12, 2007, ¶ 6.) After the R&R was submitted to District Judge Richard J. Holwell,

Fasulo filed another affirmation challenging De Leon's representation that he had specifically

directed Fasulo to file an appeal. On June 24, 2008, the case was recommitted to this Court to

issue a supplemental Report and Recommendation in light of Fasulo's second affirmation.

In August 2008, this Court determined Fasulo's new affirmation created a factual dispute

which required the appearance of the Parties for an evidentiary hearing. Prior to scheduling the

hearing, the Court was notified by Respondent that De Leon had been deported to the Dominican

Republic. Over the course of the next months, Respondent attempted to contact De Leon in the Dominican Republic to determine whether he intended to pursue his Petition. (*See* Assistant United States Attorney Thomas G. A. Brown's Letter to the Court, Jan. 29, 2009 at 1.) The investigation included a DEA Group Supervisor's attempts to contact De Leon by telephone. The DEA Supervisor thereafter spoke with an individual who identified himself as De Leon. The individual on the telephone was familiar with the cases underlying this Petition, and indicated that he would not meet with a Government representative or receive the Government's letter. (*Id*.; *id.*, Ex. B.) This individual further stated that he did not wish to pursue the Petition and wanted to be left alone. (*Id.*) Based on the description by the DEA Supervisor, the Court concludes that the individual on the telephone was De Leon, and that De Leon does not wish to pursue his Petition. This position is also reasonable given De Leon's status and location in the Dominican Republic.

For the aforementioned reasons, I recommend that De Leon's habeas petition be **DISMISSED.**

Pursuant to Rule 72, Federal Rules of Civil Procedure, the parties shall have ten (10) days after being served with a copy of the recommended disposition to file written objections to ths Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies delivered to the chambers of the Honorable Richard J. Holwell, 500 Pearl Street, Room 1950, and to the chambers of the undersigned, Room 1970. Failure to file timely objects shall constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (*per*

*curiam*); 28 U.S.C. § 636(b)(1) (West Supp. 1995); FED. R. CIV. P. 72, 6(a), 6(d).

**SO ORDERED this 30th day of January 2009**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

3